IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CODY R. GRIM, | § |
| | § No. 166, 2019 |
| Defendant Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware, |
| v. | § |
| | § Cr. ID No. 1402011343 (S) |
| STATE OF DELAWARE, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: May 29, 2019
Decided: August 5, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Cody R. Grim, filed this appeal from the Superior Court's March 15, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Grim's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, in July 2014, Grim resolved two criminal cases by pleading guilty to Burglary in the Third Degree, Theft of a Senior, Attempted

Theft of a Senior, and Theft of $1,500 or more. The Superior Court sentenced Grim as follows: (i) for Burglary in the Third Degree, three years of Level V incarceration, suspended after successful completion of the Level V Key Program for decreasing levels of supervision; (ii) for Theft of a Senior, two years of Level V incarceration suspended for one year of Level III probation; (iii) for Attempted Theft, two years of Level V incarceration, suspended for one year of Level III probation; and (iv) for Theft, two years of Level V incarceration, suspended for one year of Level III probation.

(3) On September 2, 2016, the Superior Court found that Grim had violated his probation. The Superior Court sentenced Grim as follows: (i) for Burglary in the Third Degree, three years of Level V incarceration, suspended immediately; (ii) for Theft of a Senior, two years of Level V incarceration suspended for two years of Level IV VOP Center, suspended after sixty days for one year of Level III probation; (iii) for Attempted Theft, two years of Level V incarceration, suspended for one year of Level III probation; and (iv) for Theft, two years of Level V incarceration, suspended for one year of Level III probation.

(4) On January 20, 2017, the Superior Court found that Grim had violated his probation again. The Superior Court sentenced Grim as follows: (i) for Theft of a Senior, one year and nine months of Level V incarceration suspended for eighteen months of Level III probation; (ii) for Attempted Theft, two years of Level V

incarceration, suspended for two years of Level III probation; and (iii) for Theft, two years of Level V incarceration, suspended for one year of Level III probation.

(5) On April 20, 2017, the Superior Court found that Grim had violated his probation again. The Superior Court sentenced Grim as follows: (i) for Theft of a Senior, one year and nine of months of Level V incarceration, suspended after successful completion of the Level V Key Program; (ii) for Attempted Theft, two years of Level V incarceration, suspended for one year of Level III probation; and (iii) for Theft, two years of Level V incarceration, suspended for one year of Level III probation.

(6) On March 15, 2019, the Superior Court found that Grim had violated his probation again. The VOP report alleged that Grim had committed new crimes, missed multiple visits with his probation officer, and tested positive for drugs. The Superior Court sentenced Grim as follows: (i) for Attempted Theft, two years of Level V incarceration followed by six months of Level IV Home Confinement under 11 *Del. C.* § 4204(l); and (ii) for Theft, time served and discharged as unimproved. This appeal followed.

(7) On appeal, Grim argues that: (i) there were conflicts of interest because his aunt, who lives on the land where he committed some of the crimes leading to his 2014 convictions, works for the judge who presided over his 2019 VOP and he assaulted the stepdaughter of a probation officer (not the probation officer who filed

3

the VOP report); and (ii) the six months of Level IV Home Confinement exceeded the maximum sentence for Attempted Theft.  As the appealing party, Grim has the burden of producing "such portions of the…transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "all evidence relevant to the challenged finding or conclusion."[1]  Grim initially requested a transcript of his March 15, 2019 VOP hearing, but then informed the Clerk's office that he would be proceeding without the transcript.  We cannot review Grim's claims of a conflict of interest in the proceedings below without a transcript of the VOP hearing.[2]  Furthermore, consistent with his failure to present a transcript, Grim did not present this argument fairly below and it is therefore waived.[3]  We note that Grim never denies he committed the crimes to which he pled guilty, nor does he contest that he engaged in conduct resulting in *four* VOP hearings, at which he was found to have failed to comply with his probation.  Given his repeated violations, Grim's most recent VOP sentence seems on its face to be proportionate and in

[1] Supr. Ct. R. 14(e).
[2] *See, e.g., Collick v. State*, 2018 WL 4846383, at *1 (Del. Oct. 1, 2018) (holding that appellant's failure to designate transcript precluded review of claim on appeal that witness at VOP hearing had a conflict of interest); *Cobb v. State*, 2014 WL 644372, at *2 (Del. Feb. 7, 2014) (holding that appellant's failure to order and provide copy of VOP transcript precluded review of due process and conflict of interest claims); *Hearn v. State*, 2011 WL 6808013, at *2 (Del. Dec. 21, 2011) (holding that the appellant's failure to order transcript of VOP hearing precluded review of his claims, including his claim that the judge had a conflict of interest).  We note that Grim knew the identity of the Superior Court judge who would preside over his VOP by July 2018, but there is no indication in the record that Grim ever informed the judge of the alleged conflict of interest with his aunt.
[3] Supr. Ct. R. 8.

4

keeping with the previous judge's approach to his case. As to the length of Grim's VOP sentence, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4] Under § 4204(l) "whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society." The six-month transition period may be added to the maximum sentence.[5] In this case, the Superior Court sentenced Grim on his VOP to all of the Level V time remaining to be served on his original Attempted Theft sentence. The two-year Level V sentence for Attempted Theft was the maximum sentence.[6] Under these circumstances, the Superior Court could add a six-month period of transition to Grim's VOP sentence under Section 4204(l).[7]

---

[4] 11 *Del. C.* § 4334(c).

[5] 11 *Del. C.* § 4204(l).

[6] 11 *Del. C.* § 841(c) (2) (defining theft of under $1,500 from victim who is 62 or older as class G felony); 11 *Del. C.* § 4205(b)(7) (providing that two years is maximum term of Level V incarceration for class G felony).

[7] *See, e.g., Harris v. State*, 2014 WL 791855, at *2 (Del. Feb. 25, 2014) (recognizing that six-month period of transition under § 4204(l) could be added to VOP sentence that was maximum term of incarceration).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice